In re ITEL SECURITIES LITIGATION.

**I. Walton BADER, and Bader and Bader, Appellants,**

v.

**ITEL CORPORATION, and Class Plaintiffs, Appellees.**

Nos. 84–1505, 84–2620, 84–2714 and 84–2780.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 1986.

Decided April 8, 1986.

Designated for Publication June 13, 1986.

I. Walton Bader, Bader & Bader, White Plains, N.Y., for appellants.

Pettit & Martin, Michael F. Perlis, Philip F. Atkins-Patterson, San Francisco, Cal., for Itel Corp.

David B. Gold, Law Offices of David Gold, Paul F. Bennett, Solomon B. Cera, San Francisco, Cal., for Class Plaintiffs.

Before CHAMBERS, KENNEDY, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

This is an appeal from an award of sanctions imposed by the district court following settlement of a massive class action against the Itel Corporation. Attorney I. Walton Bader challenges an order of the district court awarding sanctions in the amount of $10,000 to counsel for class plaintiffs and $5000 to counsel for Itel Corporation, said sanctions to be paid by Bader personally. The facts underlying the award of sanctions are set out in detail in the Opinion and Order of the district court. *In re Itel Securities Litigation*, 596 F.Supp. 226 (N.D.Cal.1984).

The district court found, *inter alia*, (1) that Bader's conduct during the course of the litigation "constitute[d] bad faith," and (2) that Bader "repeatedly took actions in the *Itel Securities Litigation* for the sole purpose of obtaining fee-related concessions in connection with other litigation." Accordingly, the court awarded sanctions against Bader pursuant to (1) its "inherent power to award attorneys' fees as a means of protecting the integrity of the judicial process," (2) Fed.R.Civ.P. 11, and (3) 28 U.S.C. § 1927. We review whether the award is justified under any of these theories.

The order appealed from finally disposes of all claims brought by the class plaintiffs in the post-judgment proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. The order was entered on October 16, 1984. Bader filed a timely notice of appeal on October 26, 1984.

STANDARD OF REVIEW

■ We recently summarized the standards governing review of an award of sanctions under Fed.R.Civ.P. 11:

> If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal, we review the factual determinations of the district court under a clearly erroneous standard. If the legal conclusion of the district court that the facts constitute a violation of the Rule is disputed, we review the legal conclusion *de novo*. Finally, if the appropriateness of the sanction imposed is challenged, we review the sanction under an abuse of discretion standard.

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986). These same standards govern review of sanctions imposed pursuant to 28 U.S.C. § 1927. *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1345 (9th Cir. 1985); *Lone Ranger Television, Inc. v. Program Radio Corporation*, 740 F.2d 718, 727 (9th Cir.1984). A finding of bad faith, prerequisite to assessment of attorneys' fees under the court's inherent power, "will be overturned only if clearly erroneous." *Masolosalo by Masolosalo v. Stonewall Insurance Company*, 718 F.2d 955, 957 (9th Cir.1983) *citing Dogherra v. Safeway Stores, Inc.*, 679 F.2d 1293, 1298 (9th Cir.), *cert. denied*, 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982).

DISCUSSION

Bader does not challenge the district court's finding that he "repeatedly took actions in the *Itel Securities Litigation* for the sole purpose of obtaining fee-related concessions in connection with other litigation." Nor does he contend that the dis-

trict court abused its discretion in setting the amount of the awards.

 Bader contends that the district court lacked jurisdiction to award the challenged sanctions "because the involvement of Bader and his clients terminated in this matter prior to the making of the application involved by class counsel." In support of this contention Bader cites *Overnite Transportation Company v. Chicago Industrial Tire Company*, 697 F.2d 789 (7th Cir.1983), for the proposition that a court "cannot ... retain jurisdiction of a claim [i.e., application for sanctions] after discontinuance of the action where misconduct is claimed." Bader misreads the holding of *Overnite Transportation*. The court held only that "a party must bring a motion for fees and costs either before an appeal is perfected or during the pendency of the appeal on the merits." 697 F.2d at 793. There is absolutely no hint in *Overnite Transportation* that a lawyer may escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions. Here, the application for sanctions was filed while the appeal on the merits was pending.

 Bader also contends that the trial court lacked jurisdiction to award attorneys' fees to Itel Corporation as Itel "made no application for such relief." Rule 11 specifically provides that a court may impose sanctions "upon its own initiative." Fed.R.Civ.P. 11. Sanctions may also be awarded sua sponte under the court's inherent power. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980).

Bader's challenges to the jurisdiction of the district court are without merit.

Bader contends that the district court "applied incorrect standards" in awarding sanctions "since there was ample support for all actions taken by him." His argument seems to be that the court's finding of bad faith was clearly erroneous as his actions, even if improperly motivated, were legally supportable.

 The imposition of sanctions under the inherent power of the court is proper where counsel has " 'willfull[y] abuse[d] judicial process' or otherwise conducted litigation in bad faith." *Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir.1985) (quoting *Roadway Express*, 447 U.S. at 766, 100 S.Ct. at 2464). *See also Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) (quoting *F.D. Rich Co., Inc. v. United States ex rel. Industrial Lumber Co., Inc.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974) (a court may impose sanctions against a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"). Bader's admission that he filed objections to the *Itel Securities Litigation* to exact fee concessions in an action pending before another court is alone sufficient to support a finding of bad faith. For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith "does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Lipsig v. National Student Marketing Corp.*, 663 F.2d 178, 182 (D.C.Cir.1980) (per curiam) (sustaining an award of fees "for general obstinacy unconnected with the merits of the case"). Bader's reliance on California cases treating the elements of the tort of abuse of process is misplaced.

 Bader allegedly entered into a series of agreements with Itel in which Itel made concessions concerning the attorneys' fees sought by Bader in exchange for Bader's assurance that he would not interfere with the settlement of the *Itel Securities Litigation*. In awarding sanctions against Bader, the district court discussed the alleged agreements and their breach by Bader. Bader contends that the district court violated his Seventh Amendment right to a jury trial by resolving contested issues of fact concerning the existence and breach of these agreements.

The district court did not adjudicate a contract dispute. The award of sanctions was based on Bader's conduct before the district court, not upon Bader's alleged breaches of promises to Itel. The Seventh Amendment is not implicated.

In keeping with his unfounded view that the trial court adjudicated breach of contract claims, Bader also argues (1) that the alleged agreements were "void as against public policy" and should not have been enforced by the court, (2) that class counsel were not third party beneficiaries of the agreements involved and thus had no standing to claim breach of the agreements by Bader, and (3) that he never breached the agreements, in any event. These contentions are without merit as no contract was enforced by the district court.

■ Finally, Bader asserts that the petitions clause of the First Amendment guarantees the right of "any citizen" to "present[ ] any petition to any Governmental Agency, however frivolous, without penalty." Thus, he argues, a court may not impose sanctions "even if there is no basis for the action taken by a litigant."

This contention is frivolous. The power of the federal courts to sanction attorney misconduct, be it frivolous litigation or contemptuous behavior, is beyond doubt. *See e.g., Roadway Express*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488; *Alyeska*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141.

CONCLUSION

Our careful review of the record reveals that there is ample support for the findings of the district court. The legal authority cited by Bader is uniformly inapposite. This appeal is frivolous. Moreover, Bader's briefs contain numerous misrepresentations of the record and mischaracterizations of precedent.

Pursuant to Fed.R.App.P. 38, appellees will be awarded costs and attorneys' fees in a sum to be determined upon our receipt and review of applications accompanied by affidavits detailing expenditures on appeal. Appellees shall have 14 days within which to file such applications. Appellant shall have 7 days within which to respond.

AFFIRMED.