**62**

Randal N. WIIDEMAN, Plaintiff,

v.

Brian McKAY, Defendants.

No. CV–N–88–360–ECR.

United States District Court,
D. Nevada.

July 11, 1990.

· Randal N. Wiideman, Carson City, Nev., pro se.

Brian McKay, Atty. Gen. for Nevada, Carson City, Nev., pro se.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 in which he challenged the constitutionality of a state statute mandating a moment of silence for prayer in public schools. See § 388.075, Nev.Rev.Stat. At the conclusion of an evidentiary hearing on December 4, 1989, the court determined that Plaintiff lacked the necessary standing to challenge the constitutionality of the statute. The Court also informed Defendants that their motion for sanctions verbally made after the hearing shall be filed in writing. See docket # 43. Defendants subsequently filed their motion, docket # 48, which is now before the court for resolution. Additionally, Plaintiff has filed a motion to stay the decision on the motion for sanctions until the appeal of the standing decision has been decided. See docket # 49.

## FACTS

A procedural history of this action is quite revealing regarding its evolution. Plaintiff filed this action attesting that his minor son had been attending summer school at a public school in Clark County, and as his father, he was contesting the constitutionality of the state statute that required a moment of silence for prayer in the Nevada public schools. In his objections to the Magistrates recommendation that the original complaint be dismissed as frivolous, Plaintiff filed an affidavit attesting that he had personal knowledge that his son was being subjected to the moment of silence statute. See docket # 7. Plaintiff was allowed to amend his complaint.

Defendants filed a motion to dismiss/motion for summary judgment claiming that Plaintiff did not have the necessary standing to attack the statute because the records of the Clark County School District did not show that Plaintiff's son had ever attended school in that district. In opposing the motion, Plaintiff filed three letters purportedly written to him by his son which contain references to attending summer school in Las Vegas. See Exhibits A, B & C attached to docket # 23. Because there was a disputed issue of fact that directly affected a jurisdictional issue, i.e., whether Plaintiff had the requisite standing, the matter was set for an evidentiary hearing. See docket # 27 & # 28.

Prior to setting the December 4th hearing, on October 27th Plaintiff was granted an enlargement of time to and including November 30th in which to file a reply to his motion to compel discovery. See dockets # 29 & # 30. Plaintiff attached to the motion for an enlargement of time three unsigned, proposed affidavits: his current wife, his son, and his son's maternal grandfather. He stated in the accompanying affidavit that he had "contacted the parties named on the attached affidavits", had mailed the affidavits to the affiants for signature, and he needed additional time in order to submit to the court the signed documents. On November 20th Plaintiff's motion to stay the upcoming hearing was filed in which he represented that he had not yet been successful in obtaining the signatures on the previously submitted proposed affidavits.

5. That in the interest of justice and fairness affiant feels that he can in fact obtain the needed affidavits and has in fact spoken with or communicated with those parties who have expressed a willingness to come forth however a personal consultation with them is required as to the issues in the case prior to such affidavits being executed and that the investigator was, and will be, serving that purpose.

See affidavit attached to docket # 31a. On November 29th, the motion was denied. See docket # 35. On the same day, Plain-

tiff filed an emergency motion to stay the hearing, citing the same reasons as quoted above. This motion was likewise denied. See dockets # 37 & 38, respectively. The December 4th hearing then occurred.

At the evidentiary hearing, Plaintiff, his son, the boy's mother (Plaintiff's ex-wife), and the boy's maternal grandfather testified. The testimony showed that none of Plaintiff's allegations were true regarding his son attending summer school in Clark County public schools. Moreover, it was disclosed that Plaintiff has never had any contact with his son, and in fact, the true location of his son has never been disclosed to him. The boy never knew that his father was a prisoner—he had always been told that his father was somewhere in Los Angeles—until his mother and grandfather had to take him out of school and bring him to the evidentiary hearing to refute the apparently unsubstantiated allegations made by Plaintiff. Similarly, the boy denied writing the letters admitted in evidence as Plaintiff's Exhibit A (letters attached to docket # 23 as Exhibits A, B & C).

## MOTION TO STAY

■ In his motion, Plaintiff argues that the motion for sanctions should be stayed until the Ninth Circuit Court of Appeals decides the merits of his appeal of this court's determination that he lacked the necessary standing to challenge the constitutionality of the state statute mandating a moment of silence in public schools. Plaintiff contends that he will be successful on the appeal, claiming that this court erred in not granting him a continuance of the December 4th evidentiary hearing. He argues that a continuance should have been granted for two reasons: (1) because Defendants have been granted two enlargements of time, and (2) because he was very ill with the flu and not able to adequately prepare for the hearing. Both grounds are without merit. The two enlargements of time granted to Defendants to which Plaintiff cites (dockets # 18 & 20) were not related to the evidentiary hearing. And, although Plaintiff had requested a continuance of the hearing, at no time in any of his motions did he indicate that he was ill and not able to prepare for the hearing. See arguments/grounds stated in dockets # 30, # 31a & # 37. He also argues that the appeal of the standing issue removes jurisdiction from this court to decide the sanctions issue. Such is not the law. See, for example, *Community Elec. Services of L.A. v. Nat'l Elec. Contractors Ass'n*, 869 F.2d 1235, 1242 (9th Cir.), cert. denied, —— U.S. ——, 110 S.Ct. 236, 107 L.Ed.2d 187 (1989); and *In re Itel Securities Litigation*, 791 F.2d 672, 675 (9th Cir. 1986), cert. denied *sub nom.*, *Bader v. Itel Corp.*, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987). Plaintiff's motion to stay will therefore be denied.

## MOTION FOR SANCTIONS

■ At the conclusion of the evidentiary hearing, Defendants moved for the imposition of sanctions against Plaintiff for bringing this action as well as for his actions during this action. The court instructed Defendants to file their motion in writing. The subsequently filed motion for sanctions is based on four grounds:

(1) Plaintiff's action in bringing this lawsuit based upon standing not even remotely grounded in fact and for an improper purpose,

(2) perpetrating a fraud upon the Court and Defendant with forged letters and affidavits purporting to support bold lies,

(3) failing to serve motions and documents upon Defendant but certifying service was made with false certificates and deliberately misleading with service of papers different from that filed with the Court, and

(4) Plaintiff's continual abuse of the judicial system in his conduct in most of the thirty lawsuits pending before this court.

Although Plaintiff has filed numerous actions in this court, many of which were determined to be frivolous, and although some of Plaintiff's tactics previously employed have been highly questionable, the issue of the imposition of sanctions in this action will be restricted to Plaintiff's ac-

tions and tactics employed in this action. Accordingly, Defendants ground # 4 above will not be considered.

The remaining grounds are integrally related, and so will be discussed together. Based on the testimony at the evidentiary hearing, it is clear that Plaintiff had no factual basis for his allegation that his son had been attending summer school in Las Vegas;* the letters attributed to his son were fake. Additionally, it was made clear at the hearing that Plaintiff had no knowledge of his son's or ex-wife's whereabouts, consequently the unsigned proposed affidavits Plaintiff submitted to the court with the statement under penalty of perjury in his affidavit that he had "spoken with or communicated with" those individuals was likewise false and without a sincere belief that the signatures would be obtained. Plaintiff has also not contested Defendants claim that he failed to provide copies of those "affidavits" with the copy of the motion he served upon them despite certifying that he had done so, and serving them with a copy of yet another document which was materially different than the one filed with the court. Plaintiff must be sanctioned for his egregious actions herein.

 In their motion for sanctions, Defendants rely on one of the more prominent cases in the area of sanctions against pro se litigants, and recite some of the restrictions recommended for use against such litigants in *Procup v. Strickland*, 792 F.2d 1069 (11th Cir.1986).

1. Requiring affidavits certifying that the claims raised are new, subject to a contempt for false swearing.

2. Requiring litigant to attach to future complaints a list of all cases previously filed involving the same, similar or related cause of action.

3. Requiring litigant to seek leave of court to file any pleading in any new or pending lawsuit.

4. Limiting the number of filings by a particular inmate.

5. Prohibiting prisoner who abused the judicial process from acting as a writ writer or jailhouse lawyer for other inmates.

Defendant's Motion for Sanctions, docket # 48, page 14, citations omitted. Defendants recommend the following sanctions be levied against Plaintiff:

1. Plaintiff shall be prohibited from filing no more than [sic] three lawsuits per calendar year. For any filings beyond three, Plaintiff is required to seek leave of Court certifying that the claims he wishes to present are new claims never before raised and/or disposed of on the merits, subject to contempt proceedings for failure to certify or false certification;

2. With each new complaint or writ, Plaintiff shall submit a sworn affidavit listing all pending lawsuits in Federal and State Court in which Plaintiff is a party and indicating the nature of the claim or claims;

3. Plaintiff shall be subject to contempt proceedings for any false affidavit or false swearing by Plaintiff in this Court;

4. Plaintiff shall be prohibited from assisting any other inmate in legal work;

---

* A pro se litigant is under the same obligation as an attorney to make a reasonable inquiry into the facts of a matter prior to filing an action. See the notes of the Advisory Committee on Rules following Rule 11, Fed.R.Civ.P. Additionally, after Defendants' motion for sanctions was filed, the court received a letter addressed to chambers which has been filed as docket # 59. Although unsigned, the letter is without doubt from Plaintiff, and reads, in part, as follows: "I think you know why I filed a certain case involving a certain Son in another place. And of course my strategy of resisting at all lengths such a hearing egged them on even more. Off the record I apologize, I haven't been able to see him and won't again for six more years. I think under the circumstances the risks out were worth the love in. When ordinary doesn't make it happen some magic will. [Y]ou knew exactly what I was up to all along. I owe you a debt of thanks.... All A's and B's remember?!" Prior to incarceration, Plaintiff had been a magician, and at the evidentiary hearing his son testified that in school he was earning mostly A's and B's.

5. Plaintiff shall be subject to dismissal with prejudice in any case in which it has been determined that Plaintiff has failed to serve opposing counsel or parties with any document, exhibit or pleading pursuant to the Federal Rules of Civil Procedure;

6. Any affidavit, document or testimony shown to be perjury on the part of Plaintiff shall be referred to the Office of the United States Attorney for possible criminal prosecution under applicable federal law;

7. And such other sanctions the Court finds appropriate.

*Id.* at pages 15–16. These suggested restrictions will be discussed in the same order as presented by Defendants. (1) The Court finds that restricting Plaintiff to filing only three actions per calendar year is inappropriate at this time—limiting Plaintiff's access to the court will be ordered as a last resort as a control of Plaintiff's aberrant behavior. (2) The form required to be used by persons proceeding pro se in this district already requires the disclosure of similar or related actions. (3) Any person who files a false affidavit is already subject to contempt proceeding. (4) This action did not involve Plaintiff assisting any other inmate, and so such a restriction would be inappropriate at this time. (5) Dismissal of an action in which Plaintiff fails to accurately serve opposing counsel may be an appropriate sanction in a given action depending upon the circumstances. Plaintiff violated the service requirement in this action, however it has already been determined that Plaintiff fails to have the necessary standing to litigate this action and so dismissal has already been ordered. Should Plaintiff do so in another action, then dismissal of that action would be a possibility. (6) Any perjurious activity is already subject to being submitted to the U.S. Attorney for possible prosecution. Accordingly, most of the restrictions suggested by Defendants are currently in effect and applicable to all pro se litigants in this district, and are therefore not appropriate as sanctions for Plaintiff's egregious activity in this action.

As state and federal judges throughout this country are keenly aware, fashioning an appropriate sanction against an *indigent, pro se, inmate litigant,* is not an easy task. Such individuals do not feel the same threat of being placed in jail as do persons who are not already incarcerated, and typically they have no money and so monetary sanctions are usually ineffective. Consequently, such individuals are largely immune from the normal types of sanctions usually imposed against recalcitrant litigants. Nevertheless, Rule 11, Fed.R.Civ. Pro., empowers a court to fashion a sanction that is appropriate to the circumstances. Although inmates have already lost many of the rights and privileges cherished by "free" persons because of the fact of incarceration, they are afforded certain privileges in institutional life which can be lost because of inappropriate behavior. One such privilege is the purchasing of desired items from an institutional commissary or store. Although institutions must provide inmates with the necessities of life, inmates routinely use what limited funds are available to them to make prison life a little more livable, e.g., the purchase of a television, radio, fan, articles of clothing, playing cards, snacks, toiletries which are "better" than those provided without charge, etc. This Court is of the opinion that restricting Plaintiff from such privileged items may be the only appropriate sanction which will alert Plaintiff to the seriousness of his actions. Should this not be successful, then additional sanctions may be necessary in the future, but the Court believes that withdrawing commissary privileges from Plaintiff for a short period of time to be an appropriate beginning.

IT IS, THEREFORE, HEREBY ORDERED that:

1. Plaintiff's Motion to Stay (docket # 49) is DENIED.

2. Defendants' Motion for Sanctions (docket # 48) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall have all commissary privileges suspended for a period of fifteen (15) days beginning Thursday, July 12, 1990. The

Clerk of the Court shall cause a copy of this order to be immediately mailed to the Director of the Nevada Department of Prisons, indicating on the envelope that immediate attention is required.