999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randal N. WIIDEMAN, Plaintiff-Appellant,
v.
Juan P. IGNACIO, individually, Defendant-Appellee.
 No. 93-15297.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randal N. Wiideman, a Nevada state prisoner, appeals pro se the district court's order imposing a $200.00 sanction against him pursuant to Fed.R.Civ.P. 11. In this consolidated action, Wiideman alleged that certain prison officials had embezzled money and killed a former prison employee. Additionally, Wiideman also submitted a forged document from a United States federal government agency. We review the district court's imposition of sanctions for abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365-66 (9th Cir.1990). We affirm.
 
 
 3
 Rule 11 provides that an unrepresented party shall sign all papers filed with the court to certify that "to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the party's pleading] is well grounded in fact." Fed.R.Civ.P. 11. Rule 11 applies to pro se litigants as well as to attorneys and parties represented by attorneys. Business Guides, Inc. v. Chromatic Communications Enter., 111 S.Ct. 922, 930 (1991). Sanctions must be imposed on the signer if the filing is "frivolous." Townsend, 929 F.2d at 1362. We define a frivolous filing as one "that is both baseless and made without a reasonable and competent inquiry." Id.
 
 
 4
 Here, Wiideman alleged that defendants killed a former prison employee. Additionally, he submitted a forged document from a United States federal government agency. We agree with the district court that there is nothing in the record to indicate that Wiideman made a reasonable or competent inquiry prior to making his allegations and submitting his exhibits. Moreover, because Wiideman's allegation of murder is baseless, the district court did not abuse its discretion by imposing sanctions on Wiideman. See id. at 1365-66.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3