Randal N. WIIDEMAN, Plaintiff,

v.

Sheryl FOSTER, et al., Defendants.

No. CV–N–90–569–ECR.

United States District Court,
D. Nevada.

March 18, 1994.

Paul G. Yohey, Deputy Atty. Gen., Litigation Div., Carson City, NV, for defendants.

Randal N. Wiideman, pro se.

## OPINION AND ORDER

JAMES M. BURNS, Senior District Judge.

Wiideman is no stranger to this court. He is an intelligent and cunning fellow; he is also dedicated and zealous—qualities that can be virtues in some settings. Wiideman's history with this court, however, exemplifies how admirable qualities can be transformed into vices when carried to excess in pursuit of corrupt goals: In this instance, Wiideman's

---

stated intention was to manipulate and to sabotage the justice system.

On November 17, 1993, this matter came before me to ascertain whether Wiideman forged a court order to unlawfully obtain certain cassette tapes and, if so, whether to impose sanctions. Wiideman denies forging the court order at issue; however, after hearing testimony of various witnesses and Wiideman himself, I have no doubt that Wiideman is lying.[1] I, therefore, find Wiideman forged the court order at issue and unlawfully caused prison officials to act upon same.

On November 17, I also granted Wiideman ten (10) days in which to show that he had not ignored sanctions previously imposed by this court. Wiideman failed to address the status of sanctions previously imposed; instead his response was full of surreal trumpery[2] and was unpersuasive on any issue.

Although I have no doubts that Wiideman is a liar and that he forged the court order at issue, I do have doubts as to the sanctions that will ultimately put a damper on Wiideman's attempts to sabotage the judicial system. I will, therefore, spend some time mulling over possible sanctions and defer imposition of same until further order of this court.

IT IS SO ORDERED.

---

1. This is certainly not the first time Wiideman has been less than honest. *See, e.g., Wiideman v. Ignacio*, No. 93–15297, 1993 WL 263446 (9th Cir. Jul. 13, 1993) (appellate court affirmed district court's imposition of sanctions based on, among other things, Wiideman's submission of a forged document purportedly from a United States government agency).

2. A look at the record will dispel any doubts about my characterization of Wiideman's response. In docket nos. 86 and 88, Wiideman argues that it was physically impossible for him to forge the court order and have the tapes delivered to himself; therefore, any sanctions imposed would be inappropriately based "on the finding that a supernatural act took place"—a finding, I believe, that is better left to a power with a greater sphere than a mere federal judge.