50 F.3d 730
 31 Fed.R.Serv.3d 823
 MARK INDUSTRIES, LIMITED, a Washington corporation, Plaintiff-Appellee,
v.
SEA CAPTAIN'S CHOICE, INC., an Alaska corporation, et al., Defendants,
Gregory L. Bertram, Esq., and Gregory L. Bertram &
Associates, Appellant.
 Nos. 93-35028, 93-35173.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided March 21, 1995.
 
 John T. Dalton, Merrick, Hofstedt & Lindsey, Seattle, WA, for appellant.
 No appearance, for plaintiff-appellee.
 Appeals from the United States District Court for the Western District of Washington.
 Before: POOLE, BRUNETTI and KLEINFELD, Circuit Judges.
 POOLE, Circuit Judge:
 
 
 1
 Gregory L. Bertram, Esq. (Bertram), appeals the district court's orders imposing Rule 11 and inherent power sanctions for entering into and filing a stipulated order of dismissal without the consent of his client, Mark Industries, Ltd. (Mark Industries). We affirm on the basis that the district court had inherent powers to sanction Bertram for his conduct, but vacate and remand regarding the amount of the sanction.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 On July 27, 1990, Bertram filed a civil complaint against Sea Captain's Choice in the Western District of Washington on behalf of Mark Industries, Ltd. Bertram directed the case through substantial discovery. Trial was set for September 29, 1992.
 
 
 3
 Slightly more than one month before trial Bertram moved to withdraw, primarily because of disputes over fees. Judge William Dwyer denied the motion on September 18, 1992. Four days later, on September 22, 1992, Bertram lodged with the court a stipulated dismissal of Mark Industries' complaint and defendant's counterclaims, without prejudice. The following day Bertram's client filed a motion pro se to vacate the dismissal because he had not been consulted about the dismissal. At a hearing on October 5, 1992, Judge Jack E. Tanner found that Bertram had not notified his client of the dismissal and ordered Bertram to return all attorney fees paid to him by Mark Industries in this case as a sanction. Bertram and his client were ordered to submit an accounting to the court.
 
 
 4
 Bertram filed a motion for reconsideration on October 19, 1992, which was denied on December 4, 1992. Bertram filed his notice of appeal from that order on December 31, 1992. On January 26, 1993 Judge Tanner issued a written order requiring Bertram to pay Mark Industries all attorney's fees, costs, and proceeds received by Bertram during the course of this litigation which totalled $23,489.49. A notice of appeal on that appended order was filed on February 12, 1993.
 
 
 5
 Bertram's appeals were consolidated in this court on April 12, 1993. The owner of Mark Industries, Kenneth Rosenberg, has attempted to challenge Bertram's appeal in this court on a pro se basis. Because Rosenberg has failed to comply with several orders of this court he has been barred from filing any documents in this case.
 
 II. DISCUSSION
 A. Jurisdiction and Standard of Review
 
 6
 The district court's order requiring attorney Bertram to pay sanctions to his former client was a conclusively determined question completely separate from the merits of the underlying action and effectively unreviewable from a final judgment in that matter. Accordingly, 28 U.S.C. Sec. 1291 review is appropriate under the collateral order exception to Sec. 1291's finality requirement. See Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1274 (9th Cir.1990).
 
 
 7
 We review the district court's order imposing sanctions under Federal Rule of Civil Procedure 11 for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990); United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992). A district court abuses its discretion in imposing sanctions when it bases its decision "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Cooter & Gell, 496 U.S. at 405, 110 S.Ct. at 2461.
 
 
 8
 We review the district court's imposition of sanctions pursuant to its inherent powers for abuse of discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 55, 111 S.Ct. 2123, 2138, 115 L.Ed.2d 27 (1991).
 
 B. Rule 11
 
 9
 Bertram argues that Rule 11 does not authorize sanctions in favor of a party against its own attorney. Bertram contends that the purpose of Rule 11 is to deter abuses of the litigation process which have the potential of harming the interests of the opponent, not to discipline attorneys for breaches of duty to their own clients.
 
 
 10
 We agree with Bertram's argument regarding Rule 11. The rule says that if a paper is filed violating it, the court "shall impose ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Fed.R.Civ.P. 11 (emphasis added).
 
 
 11
 The express reference to "the other party" implies that sanctions are payable to adversaries, not by a violating lawyer to his own client. This construction is supported by the Advisory Committee Notes on the 1983 amendment. The Notes say that the rule expands the doctrine providing for payment "to a litigant whose opponent acts in bad faith." Fed.R.Civ.P. 11 Advisory Committee Notes to 1983 Amendment (emphasis added) See In re Rolls Constr. Co. v. Johnson, 108 B.R. 807, 808 (Bankr.S.D.Fla.1989).
 
 C. Inherent Powers
 
 12
 Nevertheless, the district court also ordered sanctions pursuant to its inherent powers. In Chambers v. NASCO, Inc., when the court determined that Rule 11 and 28 U.S.C. Sec. 1927 did not apply, it nonetheless determined that sanctions were appropriate as an exercise of the court's inherent powers. 501 U.S. at 41-42, 50, 111 S.Ct. at 2030-31, 2136 ("[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power."). Courts have power to discipline the members of the bar who appear before it. Id. at 43, 111 S.Ct. at 2132; Ex parte Burr, 22 U.S. (9 Wheat.) 529, 6 L.Ed. 152 (1824). The district court had discretion to discipline Bertram pursuant to its inherent powers for willful abuse of the judicial process or bad faith conduct. In re Itel Securities Litigation, 791 F.2d 672, 675 (9th Cir.1986), cert. denied, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.' " Id. (quoting Lipsig v. National Student Marketing Corp., 663 F.2d 178, 182 (D.C.Cir.1980)).
 
 
 13
 Bertram argues that he did not enter into the stipulated dismissal of his client's claim in bad faith. The district court, however, explicitly found that Bertram "acted in bad faith by: 1. filing a stipulation which he knew his client had no knowledge of, and had neither discussed nor approved; ... 3. misrepresenting to the Court that the dismissal was stipulated to in an attempt to circumvent United States District Court Judge William Dwyer's Order Denying Mr. Bertram's previous motion to withdraw." Bertram would have us focus on the substantive concerns he claims he had for his client's imminent trial which lay behind his stipulating to dismissal without prejudice. We note, however, that this stipulation was negotiated within hours of having unsuccessfully attempted to withdraw from representation. It was well within the district court's discretion to consider Bertram's unauthorized negotiation and stipulation a bad faith attempt to skirt the court's order.
 
 
 14
 Bertram's focus on the fact that the stipulation was to dismiss without prejudice is misplaced. Whether or not Mark Industries' rights were compromised, Bertram effectively circumvented a district court's order. The district court did not abuse its discretion by sanctioning Bertram pursuant to its inherent powers.
 
 D. Amount of Sanction
 
 15
 Bertram argues that even if sanctions apply it is inappropriate to have him reimburse all fees and costs collected from his client during the course of this litigation. Bertram relies primarily upon Rule 11 cases which have determined that the appropriate sanction is the actual cost of the opposing party's response to a frivolous or vexatious motion. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 406-07, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990) ("Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing ..."). Bertram suggests that the appropriate sanction would be to pay the costs Mark Industries incurred for drafting, filing and serving its motion to vacate the order of dismissal.
 
 
 16
 "[A]n assessment of attorney's fees is undoubtedly within a court's inherent powers...." Chambers v. NASCO, Inc., 501 U.S. at 45, 111 S.Ct. at 2133 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)). Although Rule 11 may limit the amount of attorney's fees recoverable for Rule 11 sanctions, Rule 11 "does not repeal or modify existing authority of federal courts to deal with abuses ... under the court's inherent power." Zaldivar v. Los Angeles, 780 F.2d 823, 830 (9th Cir.1986). In Chambers the court explicitly approved an award of the entire amount of fees under the court's inherent powers. 501 U.S. at 56-57, 111 S.Ct. at 2138-39. That affirmance appears to have been based on the findings of the district court that the sanctioned party was engaged in "repeated and endless delay." Id. The district court's findings in this case do not indicate abusive behavior prior to the filing of the erroneous dismissal, and therefore the award of all fees and costs is not appropriate.
 
 
 17
 Nevertheless, the amount of an inherent powers sanction is meant to do something very different than provide a substantive remedy to an aggrieved party. An inherent powers sanction is meant to "vindicat[e] judicial authority." Id. at 55, 111 S.Ct. at 2138. Accordingly, we will not upset the amount of the sanction absent an abuse of discretion. U.S. District Court for the Eastern District of Washington v. Sandlin, 12 F.3d 861, 865 (9th Cir.1993).
 
 
 18
 Return of all fees and costs is too severe a sanction. The proper use of sanctions that are within the court's inherent power is to protect the court so it may adequately dispense justice. Chambers, 501 U.S. at 43, 111 S.Ct. at 2132. Here, however, the court chose to impose what amounted to a summary malpractice penalty in favor of Mark Industries against its attorney.
 
 
 19
 Bertram contended that his client had refused to pay agreed upon fees, and to procure an expert witness whom the client had said he would obtain. There was no judicial finding that Bertram's statements to this effect were incorrect. The fees paid may have been fairly earned, fully or in part.
 
 
 20
 The device Bertram used to withdraw, a stipulation to dismiss without prejudice, together with express language waiving the running of any applicable statute of limitations for one year, carefully preserved his client's rights. The wrong done was to the court. There are no findings adequate to support a conclusion that the client was wronged. The $24,000 sanction, measured by what the client had paid, was an abuse of the discretion afforded the court for protection of its own interests.
 
 
 21
 An appropriate award would be, at most, $5,000 payable to the court. We vacate the award of sanctions and remand to the district court for an appropriate award in light of this ruling, not to exceed $5,000.III. CONCLUSION
 
 
 22
 Rule 11 sanctions cannot be awarded to a client against his own attorney. Although it was within the court's inherent authority to impose a sanction for a misleading filing, the court abused its discretion by making the full fees and costs paid to the attorney the measure of the sanction. Accordingly, we AFFIRM in part and VACATE AND REMAND in part.