**UNITED STATES of America, et al., Plaintiffs,**

v.

**Yolanda Lugo RAMIREZ, et al., Defendants.**

**Civ. No. 94–2169 (PG).**

United States District Court, D. Puerto Rico.

July 7, 1995.

Isabel Muñoz Acosta, Asst. U.S. Atty., Hato Rey, PR, Jonathan Rees, Washington, DC, for plaintiffs.

James A. Toro, Hato Rey, PR, for defendants.

## *ORDER*

PEREZ–GIMENEZ, District Judge.

On April 20, 1995, the Court entered an Order to Show Cause, directing plaintiff Rees to demonstrate why he should not be sanctioned to deter future abuse of the litigation process. The Court indicated that it was considering imposition against Rees of a fine in the amount of $1,500.00. Rees responded to the Order to Show Cause in a document titled Response, and in a First Supplement and Second Supplement.

It appears from Rees' response that he failed to understand that the Order to Show Cause merely constituted notice of the potential future imposition of a sanction, and erroneously believed instead that the Court actually had imposed the sanction via the Order to Show Cause. Rees objected to imposition of the sanction on the basis that the Court had not held an evidentiary hearing to permit Rees to present evidence justifying his conduct during this litigation.

In fact, the Order to Show Cause was intended merely to put Rees on notice that the Court was considering imposing a sanction. For this reason, on June 15, 1995, subsequent to Rees' response, the Court scheduled an evidentiary hearing for June 26, 1995.

Notwithstanding Rees' complaint in his response motions that an evidentiary hearing was required prior to imposition of a fine, Rees responded to the scheduling of a hearing by filing a motion on June 23 in which he "decline[d]" in advance to attend the hearing. Rees expressed his beliefs that the Court has demonstrated "extreme prejudice" toward Rees throughout this litigation and that the outcome of the hearing was predestined to be a negative one from his standpoint.

In a July 3, 1995 letter sent by facsimile to the office of the undersigned, Rees explains that he is unable to attend the hearing on the Order to Show Cause because of the high cost of traveling to Puerto Rico from his home in the Washington, D.C. area. Having availed himself of the District Court in Puerto Rico as a forum for his Petition, however, Rees may not now cite its inconvenience as a justification for evading the Court's authority.

In the absence of substantive opposition from plaintiff Rees, the Court concludes from the substantial evidence in the record of this case that the hypotheses set forth in the Order to Show Cause are accurate. The Court therefore finds that:

(1) Plaintiff Rees filed the Complaint in this case for the improper purpose of harassing defendants to exact revenge for personal grievances. *See, e.g.,* Docket entries 30, 35, 62.

(2) Since the filing of the Complaint, Rees repeatedly has demonstrated disrespect for the Court and judicial processes by offensive and irrelevant statements and accusations regarding the Court, defendant, opposing counsel, the United States, and judicial officers. *See, e.g.,* Docket 35, 44, 46, 47, and 48.

(3) In a telephone conversation with an employee of the United States Attorney's office, Rees threatened the Court. *See* Docket 60.

(4) Rees represented himself to a Puerto Rico Superior Court judge as a member of the United States Attorney's office, and filed an *amicus curiae* brief purportedly on behalf of that office, in an attempt to intervene in a local court domestic relations dispute involving the sister of defendant Lugo, an attorney who represents two defendants in this case.

The Court is authorized by several sources to sanction plaintiff's behavior. These include Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent equitable powers.

Pursuant to Rule 11(b)(1) and Rule 11(b)(2), the Court may impose against Rees a monetary sanction to be deposited with the Clerk of Court for filing the Complaint and later motions in this case "for an . . . improper purpose, such as to harass. . . ." As reflected above, the Court finds that Rees initiated and continued to prosecute this litigation to harass defendants.

Rule 11(c)(2)(B) precludes a monetary sanction imposed without initiation by another party, unless an order to show cause is issued "before a voluntary dismissal. . . ." Rees filed a motion seeking voluntary dismissal of this action without prejudice on March 13, 1995 (Dkt. 68).[1] Defendants filed a response on March 6, 1995, requesting dismissal of the Complaint with prejudice (Dkt. 69A). The Court's Show Cause Order issued April 20, 1995. Finally, the case was dismissed on April 21, 1995, one day after issuance of the Court's Order to Show Cause. The case was actually dismissed with prejudice on the basis of defendants' motion of March 6, 1995 (*see* Dkt. 76), rather than on the basis of plaintiff's request to dismiss without prejudice. Thus, the strictures of Rule 11(c)(2)(B) do not bar the imposition of sanctions pursuant to Rule 11(b)(1) and Rule 11(b)(2).

Rees also may be sanctioned pursuant to the Court's inherent equitable powers. Federal courts are empowered to "protect the administration of justice by levying sanctions in response to abusive litigation practices." *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 (1st Cir.1985) (citation omitted). Sanctions may be imposed on the basis of the court's inherent powers when a litigant's misconduct reflects bad faith or willful abuse of the legal process. *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir.1986), *cert. denied*, 479 U.S. 1033, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542–43 (11th Cir.1985); *Lipsig v. National Student Mktg. Corp.*, 663 F.2d 178, 180–81 (D.C.Cir.1980). *See also Link v. Wabash R.R.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389–90, 8 L.Ed.2d 734 (1962). The Court's findings of fact reflect that Rees commenced this lawsuit for improper purposes and conducted himself in an abusive manner utterly disrespectful of the Court and others involved in the litigation process. Sanctions are warranted to punish Rees' misconduct and deter future occurrences of such conduct.

**THEREFORE,** it is **ORDERED** that Jonathan Rees is hereby directed to deposit with the Clerk of Court the amount of **$1,500.00** as a sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent powers.

**IT IS SO ORDERED.**

---

1. The Court's order dismissing the case mistakenly refers to plaintiff's March 13 motion as a motion "filed" on March 1, 1995. The error may be attributable to confusion caused by the notation on the certificate of service located at the bottom of the one-page motion that reflects that the motion was mailed March 1, 1995.