134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERNATIONAL ALUMINUM SYSTEMS, LTD., Plaintiff,
and
Michael WYMER, Appellant,
v.
James P. Bailey, Defendant-Appellee.
 Nos. 96-15963, 96-15964.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Jan. 16, 1998.
 
 Appeals from the United States District Court for the District of Nevada, No. CV-91-00100-DWH; David Warner Hagen, District Judge, Presiding.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In consolidated appeals nos. 96-15963 and 96-15964, Michael D. Wymer, a former attorney for International Aluminum Systems, Ltd. ("IAS"), appeals pro se the district court's order imposing sanctions of $34,483.63 against Wymer, attorney James L. Kellam, and IAS in IAS's diversity action against James P. Bailey and other investors whom IAS induced to invest in a fraudulent pyramid scheme. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In appeal no. 96-15964, Wymer contends that the magistrate judge was not authorized to order sanctions. This contention lacks merit.
 
 
 4
 We review the district court's factual findings related to its decision to impose sanctions under 28 U.S.C. § 1927 and Fed.R.Civ.P. 37 for clear error. See Bader v. Itel Corp. (In re Itel Sec. Litig.), 791 F.2d 672, 674 (9th Cir.1986); Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir.1997). We review the legal conclusions of the district court de novo, and review whether sanctions were appropriately imposed for abuse of discretion. See In re Itel Sec. Litig., 791 F.2d at 674; Payne, 121 F.3d at 507.
 
 
 5
 Because the sanctions issues which the district court referred to the magistrate judge were based upon pretrial conduct, the magistrate had authority to hear and determine them. See 28 U.S.C. § 636(b)(1)(A); Grimes v. City and County of San Francisco, 951 F.2d 236, 240-41 (9th Cir.1991). The district court had authority.to impose sanctions upon Wymer even though Wymer was no longer attorney of record for IAS at the time the court ruled on the sanctions. See In re Itel Sec. Litig., 791 F.2d at 675 (holding that court retains jurisdiction to sanction counsel after he withdraws from action).
 
 
 6
 Wymer's contention that he was denied due process lacks merit. Wymer failed to show that he tried to access his files, or that he was denied access to the files. In addition, Wymer had notice and an opportunity to respond to Bailey's motion for sanctions. See Zimmerman v. Bishop Estate, 25 F.3d 784, 790 (9th Cir.1994).
 
 
 7
 Wymer's numerous contentions that the district court erred when it imposed sanctions against him lack merit. The district court did not clearly err by finding that IAS's conduct was willful and in bad faith, and that IAS's, Wymer's, and Kellam's conduct unreasonably and vexatiously multiplied the litigation. Accordingly, the district court did not abuse its discretion by imposing sanctions. See Fed.R.Civ.P. 37(b)(2); 28 U.S.C. § 1927; Grimes, 951 F.2d at 239-41; In re Itel Sec. Litig., 791 F.2d at 674-76.
 
 
 8
 In appeal no. 96-15963, Wymer contends that he is not a judgment debtor because the district court did not set forth in a separate document its September 29, 1994 order upholding the magistrate judge's grant of sanctions. This contention lacks merit. The district court's order upheld the magistrate judge's imposition of sanctions and directed the clerk to administratively close the case. Thus, the order was a final decision for purposes of 28 U.S.C. § 1291, even if not set forth on a document separate from the opinion. See Fed.R.Civ.P. 58; Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-85 (1978) (per curiam) (holding that the sole purpose of the separate document requirement is to clarify when time for appeal begins to run); Noli v. Commissioner, 860 F.2d 1521, 1525 (9th Cir.1988) (finding, despite the lack of separate document, order is final where party knew it was final and was not prejudiced).
 
 
 9
 Bailey's request for attorney's fees and costs on appeal is denied because we do not find that the appeals are frivolous. See Zimmerman, 25 F.3d at 790. Wymer's requests for attorney's fees and sanctions in these consolidated appeals, and for refund of sanctions he paid in appeal 95-16199, are without merit and are denied.[1] n
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We have reviewed Wymer's remaining contentions and find they are without merit