Randal N. WIIDEMAN, Plaintiff–
Appellant,

v.

Frankie Sue DEL PAPA,
Defendant–Appellee.

No. 00–4174.

United States Court of Appeals,
Seventh Circuit.

Submitted March 30, 2001 *.

Decided March 30, 2001.

Before Hon. BAUER, Hon. CUDAHY,
Hon. POSNER, Circuit Judges.

ORDER

Randal Wiideman, a Nevada prisoner with a history of filing fraudulent lawsuits, maintains that he is the trustee for "Realty Trust International," a holding trust for "Chicago Associates Group." As "trustee," Wiideman purportedly executed a surety on a $1,000,000 loan to Frankie Sue Del Papa, Attorney General for the State of Nevada, to finance her 2000 run for the United States Senate. According to Wiideman, Chicago Associates Group advanced the $1,000,000 but Del Papa defaulted on her repayment obligation to the tune of $350,698. Wiideman says that Chicago Associates Group and Realty Trust both demanded that he make good on this amount; he in turn brought this diversity suit against Del Papa, alleging that she caused him to incur "fiduciary liability as trustee" when she used the funds for other than "campaign finances" in violation of the surety agreement. This appeal concerns only the district court's denial of Wiideman's post-judgment motion to amend.

This appeal is frivolous. Wiideman moved to amend his complaint four

---

* The appellee was not served with process in the district court and therefore will not be participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. Fed. R.App. P. 34(a)(2).

months after the district court dismissed it. Once that judgment was entered, Wiideman no longer had any right to file an amended pleading. *Camp v. Gregory,* 67 F.3d 1286, 1289 (7th Cir.1995); *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.,* 927 F.2d 988, 992 (7th Cir.1991). And unless a litigant succeeds in having a final judgment vacated, a district court lacks jurisdiction to entertain a motion to amend. *Weiss v. Cooley,* 230 F.3d 1027, 1034 (7th Cir.2000); *Camp,* 67 F.3d at 1289–90. Here Wiideman never moved to vacate the judgment, and the district court was not required to construe his motion to amend as a motion to vacate. *Camp,* 67 F.3d at 1290; *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 784–85 (7th Cir.1994).

There is yet another reason this appeal is frivolous. Wiideman's history of frivolous and fraudulent litigation is extensive, and we have no doubt that his present claim for relief is in keeping with that history. Behavior of this type will not be tolerated, and we will not allow Wiideman to make a new home for his litigation antics in this circuit.

The judgment of the district court is MODIFIED to reflect a dismissal for lack of jurisdiction, and we AFFIRM the dismissal as modified. For filing a frivolous appeal and for attempting to defraud this court, Wiideman is directed to show cause within 30 days why sanctions should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure and why an order restricting further litigation should not be issued.