**Randal N. WIIDEMAN, Plaintiff– Appellant,**

v.

**Frankie Sue DEL PAPA, Defendant–Appellee.**

No. 00–4174.

United States Court of Appeals, Seventh Circuit.

May 10, 2001.

Before BAUER, CUDAHY, and POSNER, Circuit Judges.

### ORDER

Randal Wiideman filed this diversity suit against Frankie Sue Del Papa, Attorney General for the State of Nevada, alleging that he is the trustee for "Realty Trust International, Geneva," a holding trust for "Chicago Associates Group." As the story goes, Wiideman qua trustee executed a surety on a $1,000,000 loan to Del Papa to finance her 2000 run for the United States Senate. Chicago Associates Group advanced the $1,000,000 and Del Papa defaulted to the tune of $350,698. Wiideman maintains that Del Papa did not use the funds for "campaign finances," which has caused him to incur "fiduciary liability as trustee." In a prior order we affirmed the district court's dismissal of Wiideman's post-judgment motion to amend his complaint, concluding that Wiideman's appeal was frivolous and noting his history of frivolous and perhaps fraudulent litigation. *Wiideman v. Del Papa*, 6 Fed.Appx. 370 (7th Cir.2001). We then directed Wiideman to show cause why sanctions should not be imposed under Rule 38 of the Federal Rules of Appellate Procedure, and before us now is Wiideman's response.

In his response Wiideman presents no adequate reason to withhold sanctions. More, Wiideman now accuses Del Papa of extortion–she purportedly filed false criminal charges against him to extract the $1,000,000 campaign contribution from him. The frivolous nature of Wiideman's appeal, coupled with, most importantly, the questionable character of his claim for relief against Del Papa, warrants sanctions. As we previously warned, "[W]e will not allow Wiideman to make a new home for his litigation antics in this circuit."

In a prior order denying Wiideman leave to proceed on appeal in forma pauperis–Wiideman had struck out under the PLRA–we detailed his sprawling litigation history. *Wiideman v. Del Papa*, 5 Fed. Appx. 496 (7th Cir.2001). Not only is Wiideman litigious but he is also notorious for fabricating claims. We found three reported instances where sanctions have been considered or assessed against Wiide-

man for filing forged documents in support of his claims. *Wiideman v. Ignacio,* No. 93–15297, 1993 WL 263446 (9th Cir. July 13, 1993) (affirming $200 sanction imposed in part because Wiideman submitted forged document from federal agency); *Wiideman v. Foster,* 154 F.R.D. 259 (D.Nev.1994) (court was going to "spend some time mulling over possible sanctions" where Wiideman caused prison officials to act on a forged court order); *Wiideman v. McKay,* 132 F.R.D. 62 (D.Nev.1990) (withdrawing commissary privileges as sanction where Wiideman submitted forged affidavits and letters). Wiideman has even incurred new convictions for his fraudulent conduct while incarcerated. *See Wiideman v. Angelone,* 848 F.Supp. 136, 139–40 (D.Nev.1994) ("Since becoming incarcerated, [Wiideman] has been convicted of five counts of perjury, forgery and offering false evidence, not only for himself but having also involved other inmates as part of his 'assisting' them with litigation. He has been sanctioned by the prison system a multitude of times for violations of the Code of Penal Discipline relating to his own litigation and his assisting other inmates (e.g., fraud, charging inmates for legal assistance, misuse of the mails, tampering with evidence, extortion, etc.).").

Nothing in Wiideman's response would lead us to doubt that his present suit is generally in keeping with this history. Indeed, the district court mentioned that one of the supposed demand letters sent to Wiideman by Chicago Associates Group "appears to be drafted on the same paper, and by the same typewriter, as [Wiideman's] motion and supporting affidavit." We have reviewed the purported demand letters sent to Wiideman by both Realty Trust and Chicago Associates Group, and they may well have been created with Wiideman's typewriter. Wiideman's conduct is befitting of sanctions.

Wiideman is therefore sanctioned $200 under Rule 38 of the Federal Rules of Appellate Procedure. He must pay this amount to the clerk of this court within 30 days of this order. If the sum is not paid in full by then, a *Mack* order restricting further litigation may be entered. *Support Sys. Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995) (per curiam).