**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THE SAVE THE PEAKS COALITION;
KRISTIN HUISINGA; CLAYSON
BENALLY; SYLVAN GREY; DON
FANNING; JENEDA BENALLY;
FREDERICA HALL; BERTA BENALLY;
RACHEL TSO; LISA TSO,
    *Plaintiffs-Appellants,*

    v.

UNITED STATES FOREST SERVICE;
JOSEPH P. STRINGER, Acting Forest
Supervisor for the Coconino
National Forest,
    *Defendants-Appellees,*

ARIZONA SNOWBOWL RESORT LP,
  *Intervenor-Defendant-Appellee.*

No. 10-17896

D.C. No.
3:09-cv-08163-
MHM
District of Arizona,
Phoenix

ORDER

Filed June 21, 2012

Before: J. Clifford Wallace, John T. Noonan, and
Milan D. Smith, Jr., Circuit Judges.

---

## ORDER

Intervenor-Defendant-Appellee Arizona Snowbowl Resort
Limited Partnership (Snowbowl) has moved for attorney's
fees and costs. The court is well aware that Plaintiffs-
Appellants and Howard M. Shanker (Shanker), their counsel,
grossly abused the judicial process in prosecuting this second
case. However, a majority of the panel has concluded that an
award of attorney fees would be inequitable because

7297

Plaintiffs-Appellants appear to have been misled by their counsel concerning the issues that remained part of the appeal, and Shanker was acting in a pro bono capacity. Nevertheless, the panel unanimously concludes that some sanction against Shanker personally is appropriate.

Under 28 U.S.C. § 1927, any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 provides us with authority "to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings." *Gadda v. Ashcroft*, 377 F.3d 934, 943 n.4 (9th Cir. 2004). "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citation omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *Id.* (internal citations omitted). Indeed, "[e]ven if an attorney's arguments are meritorious, his conduct may be sanctionable if in bad faith." *Id.* (citation omitted).

We also have the inherent power to sanction a losing party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Under a court's inherent power, "a court 'certainly may assess [sanctions] against counsel who willfully abuse judicial processes.' " *Id.* at 991 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.' " *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d

644, 648 (9th Cir. 1997) (citation omitted). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.' " *Id.* at 649; *see also In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986).

Here, we find that Shanker's conduct merits sanctions against him personally. As detailed in *Save the Peaks Coalition v. U.S. Forest Service*, 669 F.3d 1025 (9th Cir. 2012), Shanker grossly abused the judicial process in bringing this case solely "to ensure further delay and forestall development" at Snowbowl. *Save the Peaks Coal.*, 669 F.3d at 1028. Shanker acted with subjective bad faith. He engaged in tactics with the intent of increasing expenses and delaying development at Snowbowl, unreasonably multiplying proceedings after losing in *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058 (9th Cir. 2008) (en banc). His intent was to harass Snowbowl. Therefore, we conclude that Shanker is subject to sanctions under § 1927. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002); *New Alaska Dev. Corp.*, 869 F.2d at 1306.

We also find that sanctions are appropriate under our inherent power because Shanker acted in bad faith and for oppressive reasons. *See Fink*, 239 F.3d at 992. Shanker's "conduct 'constituted, or was tantamount to, bad faith.' " *Primus Auto. Fin. Servs.*, 115 F.3d at 648. He willfully abused the judicial process by acting with the improper purpose of imposing delays and costs on Snowbowl. Therefore, we exercise our inherent power to sanction Shanker. *See Fink*, 239 F.3d at 991 (noting a court's inherent power to impose sanctions against counsel who willfully abuse the judicial process).

As an appropriate remedy, we hold Shanker "personally liable for excessive costs for unreasonably multiplying proceedings." *Gadda*, 377 F.3d at 943 n.4. Because this entire case was designed to harass Snowbowl, we conclude that Snowbowl is entitled to an award of all costs other than attor-

ney's fees that it incurred in litigating *Save the Peaks Coalition v. U.S. Forest Service* before both the district court (D.C. No. 3:09-cv-08163-MHM) and our court (No. 10-17896.) We hereby award these costs to Snowbowl against Shanker personally. The case is hereby referred to the Appellate Commissioner to determine the monetary amount of costs to award in Snowbowl's favor against Shanker.

Therefore, the court awards costs in litigating *Save the Peaks Coalition v. U.S. Forest Service* before both the district court (D.C. No. 3:09-cv-08163-MHM) and our court (No. 10-17896) to Snowbowl, to be paid entirely by Shanker, counsel for Plaintiffs-Appellants. Thus, Snowbowl's Motion for Attorneys' Fees is DENIED, and its accompanying motion for costs is GRANTED, as modified by this order.

SO ORDERED.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2012 Thomson Reuters.