In re DAVIS PERRY
ENTERPRISES, INC., Debtor.

UNITED STATES of America,
Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Civ. A. No. 89–1261.

United States District Court,
District of Columbia.

Dec. 13, 1989.

David M. Katinsky, Trial Atty., Tax Div.,
U.S. Dept. of Justice, Washington, D.C.,
for appellant.

Denise Dengler, Asst. Corp. Counsel,
Washington, D.C., for appellee.

MEMORANDUM OPINION

THOMAS F. HOGAN, District Judge.

MEMORANDUM OPINION

Before the Court is an appeal brought by
the United States of an order issued on
April 7, 1989 by the Bankruptcy Court.
The order at issue established the priority
for the distribution of the assets of the
debtor, Davis Perry Enterprises, Inc., be-
tween competing tax liens held by the Unit-
ed States and the District of Columbia.
The Court ordered distribution in the fol-
lowing order:

1) District of Columbia employment tax-
es for the tax period 6/30/80 to 5/30/81
(lien filed 6–1–82);

2) Internal Revenue Service employment
taxes for the first quarter of 1981;

3) District of Columbia employment tax-
es for the tax period 6/30/81 to 12/31/81
(lien filed 6–1–82);

4) Internal Revenue Service employment
taxes for the third and fourth quarter of
1981; and

5) District of Columbia employment tax-
es for the tax period of 6/30/82.

In consideration of the briefs filed by the
United States and the District of Columbia,
the record of the United States Bankruptcy
Court, the oral arguments heard by the
Court on December 8, 1989, and for the

reasons stated below, the Court shall reverse the Bankruptcy Court and remand the case for further proceedings consistent with this opinion.

## Factual Background

The facts are not in dispute and can be summarized as follows.[1] In April 1988, the Trustee in the Chapter 7 proceeding proposed the distribution of proceeds of the estate at issue here as follows: to the District for both its sales and withholding taxes in the amount of $70,032.97, then to the Internal Revenue Service in the amount of $31,488.98, and then to the State of Maryland in the amount of $8,548.27. On May 10, 1988, the United States filed its Objection to the Proposed Distribution. After briefing, the Bankruptcy Court held a hearing on December 1, 1988, on which date a ruling was issued from the bench rejecting the arguments advanced by the United States and denying its objection. A final order was filed on April 7, 1989.[2]

The District's sales tax claim of $43,248.86 was not at issue below, and is not at issue here. Instead, the United States challenges the priority given to all of the District's employment tax claims in the amount of $26,379, which were filed by the District on June 1, 1982, but were never assessed. The liens of the United States at issue are for Form 941 FICA and withholding tax liabilities for the periods between first quarter and second quarter 1982 inclusive. The federal tax liens relevant to the

Court were assessed and notices of liens were filed as follows:

| Tax Period | Date Assessed | Amount | Date Lien Filed |
|---|---|---|---|
| 1Q81 | 07-01-81 | $ 3,369.97 | 07-14-81 |
| 3Q81 | 12-28-81 | $25,013.86 | 04-05-82 |
| 4Q81 | 04-26-82 | $24,767.03 | 05-27-82 |

## Discussion

The United States' statutory liens arise under 26 U.S.C. § 6321, Lien for taxes.[3] The District's statutory liens arise under D.C.Code § 47-1812.8.[4] In bankruptcy proceedings, Congress intended for relative priority of liens to be determined by reference to nonbankruptcy law. *Pearlstein v. U.S. Small Business Administration*, 719 F.2d 1169 (D.C.Cir.1983). Since the competing liens at issue here involve a federal tax, federal law controls. *In Re Darnell*, 834 F.2d 1263, 1269 (6th Cir.1987), citing *Aquilino v. United States*, 363 U.S. 509, 513-14, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). Under Federal law, the priority to be accorded conflicting federal and state statutory liens is governed by the principle of "first in time is first in right" and choateness. *United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954); *In re Priest*, 712 F.2d 1326, 1327-28 (9th Cir.1983), *modified*, 725 F.2d 477 (9th Cir.1984); *Matter of Alliance Transportation, Inc.*, 47 B.R. 743, 745 (Bankr.N.D.Georgia 1985). In order for a state statutory lien to have priority over a federal lien, it must have attached and become choate prior to the attachment of the federal lien. *New Britain*, 347 U.S. at 86, 74 S.Ct. at 370. Choateness is satis-

---

**1.** Pursuant to Bankruptcy Rule 8013, the Court shall not set aside findings of fact made by the Bankruptcy Court below unless those findings are clearly erroneous.

**2.** No memorandum opinion was issued with the ruling. Further, the record on appeal from the Bankruptcy Court did not include a transcript of the Bankruptcy Court's ruling issued from the bench on December 1, 1988. At oral argument, counsel indicated that no transcript had been ordered. The Court notes that it would have benefited from a review of the Bankruptcy Court's opinion.

**3.** 26 U.S.C. § 6321 provides

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional

amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

**4.** D.C.Code § 47-1812.8(f)(2) provides

The District of Columbia shall have a lien upon all the property of any employer who fails to withhold or pay over to the Mayor sums required to be withheld under this section. If the employer withholds but fails to pay over the amounts withheld to the Mayor the lien shall accrue on the date the amounts were withheld. If the employer fails to withhold, the lien shall accrue on the date the amounts were required to be withheld.

fied when "the identity of the lienor, the property subject of the lien, and the amount of the lien is established. *Id.* at 84, 74 S.Ct. at 369. The reason for requiring choateness is to keep states from "causing an inchoate lien to attach at some arbitrary time even before the amount of the tax, assessment, etc., is determined." *Id.* at 86, 74 S.Ct. at 370. Thus, the question for the Court to decide is whether the District's tax lien became choate before the Federal lien attached.

■ The United States argues that the District's withholding tax liens were perfected as a matter of District of Columbia law when the income taxes were due, but were not choate until they were filed on June 1, 1982. Choateness only was fulfilled upon filing, since prior to that time the District had not made an assessment and the amount of the lien was unknown.[5]

The District argues that under the law of the District of Columbia there is no requirement that the District file its withholding tax liens for them to be perfected, and that they are perfected automatically as soon as they arise, pursuant to both statutory (D.C.Code § 47–1812.8) and case law. *Malakoff v. Washington,* 434 A.2d 432, 439 (D.C.1981) ("the withholding tax lien is itself perfected as soon as it arises and is therefore superior to all liens subsequently perfected").[6] The District argues that its liens were sufficiently choate at the time they arose, since under the District of Columbia law, they were automatically perfected.

The Court finds the District's argument unpersuasive. Mere passage of the dead-line for payment by the debtor of the District's withholding taxes is insufficient under federal law to establish a choate lien in favor of the District. *Cf. In Re Priest,* 712 F.2d 1326 (9th Cir.1983), *modified,* 725 F.2d 477 (9th Cir.1984) (holding that the mere receipt of a delinquent state tax return is too vague and indefinite a standard by which to establish a lien that is capable of taking priority over a federal lien); *Cf. Brown v. State of Maryland,* 699 F.Supp. 1149, 1154 (D.Md.1988) (holding that the receipt by the State of Maryland of the debtor's tax return was insufficient under federal law to establish a choate lien in favor of the State). The District's tax liens became choate on the date the liens were filed, on June 1, 1982. The federal tax liens attached on the dates when the taxes were assessed (07–01–81, 12–28–81, and 04–26–82).[7] Thus the federal tax liens identified above are entitled to priority over the District's tax liens.

### Conclusion

For the foregoing reasons, the Bankruptcy Court's decision of April 7, 1988 is reversed, and this action is remanded to Bankruptcy Court for further action consistent with this opinion. An order in accordance with the foregoing is issued herewith.

---

5. The amount of interest had not been determined.

6. This is the District's secondary argument. At the hearing and in its brief, the District argued that under Section 545 of the Bankruptcy Code, the District's lien was already valid, and that there was no need to go outside of Bankruptcy law to address the requirement of choateness. The Court finds that 11 U.S.C. § 545 is inapplicable to this case, since it addresses the trustee's avoidance of the fixing of a statutory lien, which is not at issue here. Consequently, the Court addresses the District's secondary argument, that the District's liens were choate at the time they arose.

7. The District argues that the United States was required to file its tax liens before they were valid, relying on 26 U.S.C. § 6323. Section 6323(a) provides that the tax lien imposed by § 6321 "shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" until notice thereof has been filed in the District of Columbia Office of the Recorder of Deeds. The Court finds this section inapplicable, since the District's statutory lien does not fall within any one of the exceptions. *See Matter of Alliance Transportation, Inc.,* 47 B.R. at 745.