In re WPG, INC., Debtor.

Internal Revenue Service, Appellant,

v.

District of Columbia et al., Appellees.

Civ.A. No. 01–2338(RMU).

United States District Court,
District of Columbia.

Aug. 19, 2002.

Pat S. Genis, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for appellant.

Nancy Smith, Assistant Corporation Counsel, D.C., Washington, D.C., for appellees.

### *MEMORANDUM OPINION*

#### AFFIRMING THE BANKRUPTCY COURT'S RULING

URBINA, District Judge.

## I. INTRODUCTION

This matter comes before the court on an appeal by the Internal Revenue Service ("IRS" or "the appellant") of a ruling by the U.S. Bankruptcy Court for the District of Columbia, granting summary judgment in favor of the District of Columbia against the IRS. The bankruptcy proceeding involved debtor WPG, Inc. ("WPG"), who declared bankruptcy in late 1999, at which point the IRS and the District of Columbia ("the District" or, along with co-appellee WPG, "the appellees") filed competing claims for funds owed to them by WPG. The bankruptcy court decided in favor of the District, ruling that the District's lien took precedence over the IRS's lien.

The IRS appeals that ruling, claiming that the bankruptcy court erred as a matter of law in deciding in favor of the District. Specifically, the IRS contends that federal government liens take precedence over local government liens and that the bankruptcy court should have applied the federal "choateness" doctrine, which gives federal government liens precedence. The District counters that the bankruptcy court ruled correctly because Congress initially enacted the section of the D.C.Code that created the District's lien and thus the statute is a federal law. As such, this law creates an exception to the general federal choateness doctrine, conferring first priority to the District's lien. For the following reasons, the court affirms the judgment of the bankruptcy court.

## II. BACKGROUND

On September 11, 1998, the IRS filed a notice of federal tax lien for its claim for taxes owed by WPG. Appellant's Br. at 1. On August 6, 1999, the District filed a lien against WPG for payment of unpaid sales taxes. Br. for Appellees District of Columbia ("Appellees' Br.") at 1. On October 20, 1999, WPG filed a Chapter 11 petition in bankruptcy. *Id.* The bankruptcy court applied the proceeds from the sale of WPG's property first to post-petition taxes, which left $15,000 to be applied to the two tax liens. Bankr.Ct. Decision at 2.

On November 6, 2000, WPG filed an adversary proceeding to distribute the remaining proceeds between the IRS and the District. Appellees' Br. at 2. The District filed a motion for summary judgment, arguing that under non-bankruptcy law, D.C.Code § 47–2012, a congressional enactment, created an exception to the general federal rules governing the collection of tax liens in favor of the District. Bankr. Ct. Decision at 1. On July 13, 2001, the bankruptcy court granted the District's motion for summary judgment. *Id.* at 1–2. The bankruptcy court determined that the remaining proceeds would be distributed "in accordance with the priority of the liens under nonbankruptcy law" and held that the District's lien took precedence. *Id.* at 2. On July 19, 2001, the IRS filed a

68

notice of appeal from the final order of the bankruptcy court. Appellees' Br. at 2.

## III. ANALYSIS

### A. Legal Standard for Review of a Bankruptcy Court Decision

■ U.S. district courts have jurisdiction over appeals of bankruptcy court decisions. 28 U.S.C. § 158(a). On appeal from a bankruptcy court, a district court may affirm, modify, or reverse a bankruptcy court's judgment, or remand with instructions for further proceedings. FED R. BANKR. P. 8013; *In re Ford Johnson,* 236 B.R. 510, 518 (D.D.C.1999). A district court shall not set aside findings of fact unless they are clearly erroneous, and the court shall give due deference to the bankruptcy court's opportunity to judge the credibility of the witnesses. *Id.* "The burden of proof is on the party that seeks to reverse the Bankruptcy Court's holding. That party must show that the court's holding was clearly erroneous as to the assessment of the facts or erroneous in its interpretation of the law and not simply that another conclusion could have been reached." *In re Ford Johnson,* 236 B.R. at 518 (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). "A finding is clearly erroneous when, although there is evidence to support it the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). As the Seventh Circuit memorably explained, "[t]o be clearly erroneous, a decision must ... strike us as wrong with the force of a five week old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988). A court, however, should review questions concerning the application of the controlling law *de novo* on appeal. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).

### B. The Court Affirms the Bankruptcy Court's Ruling

■ The issue presented in this case is whether the bankruptcy court erred in holding that D.C.Code § 47–2012 requires that a District of Columbia sales tax lien be accorded priority over an earlier filed federal tax lien. The appellant argues that the bankruptcy court erred in concluding that D.C.Code § 47–2012 is a federal law, entitling the District to first priority in collecting sales taxes owed by WPG. Appellant's Br. at 3. The appellant asserts that this law is merely an enactment of the D.C. City Council, to be viewed as the equivalent of a state tax lien. *Id.* at 5. Conflicting federal and state statutory liens are governed by the "choateness" doctrine and "first in time is first in right." *United States v. City of New Britain,* 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954); *In re Davis Perry Enters., Inc.,* 110 B.R. 97, 98 (D.D.C.1989). In this case, the IRS contends that following this principle would accord the IRS's lien first priority. Appellant's Br. at 5. The District rebuts that D.C.Code § 47–2012 is actually a re-enactment of the District of Columbia Sales Tax Act of 1949 that Congress passed, and that this re-enactment into law carries the weight of a congressional act. Appellees' Br. at 5–7.

■ The choateness doctrine gives priority to a statutory lien based on the time it attached to the property in question and became choate, or complete. *City of New Britain, Conn.,* 347 U.S. at 86, 74 S.Ct. 367. A choate lien is defined as "[a] lien in which the lienholder, the property, and the monetary amount are established so that the lien is perfected and nothing else

needs to be done to make it enforceable." Black's Law Dictionary at 934 (7th ed.1999). Because it filed its lien first, the IRS asserts that it has priority over the District in this case. But the D.C. Circuit has previously recognized the D.C. sales tax law as a congressional statute. *United States v. Saidman*, 231 F.2d 503, 509–10 (D.C.Cir.1956) (referring to D.C.Code § 47–2609, predecessor to D.C.Code § 47–2012, as a congressional statute and stating that the language of the Act gives the District's claims for sales taxes "a first priority in terms absolute"); *Dist. of Columbia v. Greenbaum*, 223 F.2d 633, 636 (D.C.Cir.1955) (explaining that the D.C. Revenue Act of 1949 § 132, predecessor to D.C.Code § 47–2012, gives District sales tax liens priority in local insolvency proceedings not governed by the Bankruptcy Act); *Malakoff v. Washington*, 434 A.2d 432, 437 (D.C.1981).

■■■ The IRS argues that the recodification by the D.C. City Council of the District of Columbia Revenue Act of 1949 into D.C.Code § 47–2012 annulled its status as an Act of Congress. Appellant's Br. at 3–4. When there is a conflict between codification and statutes at large, however, statutes at large prevail. *Abell v. United States*, 207 Ct.Cl. 207, 518 F.2d 1369, 1376–77 (1975); *see also* 1 U.S.C. § 112. Reenactment of a law carries the same meaning as that contained in the prior law. *Harvin v. United States*, 445 F.2d 675, 687–88 (D.C.Cir.1971) (concurring opinion). Furthermore, for congressional legislation concerning the District of Columbia, Congress maintains its national stature, and its enactments are not the equivalent of state actions.[1] *Neild v. Dist. of Columbia*, 110

F.2d 246, 250–51 (D.C.Cir.1940); *see also* Appellees' Br. at 3. "In fact, when [Congress] legislates for the District, Congress acts as a legislature of national character, exercising complete legislative control as contrasted with the limited power of a state legislature . . . ." *Neild*, 110 F.2d at 250.

■■■ Consequently, as a federal statute, the D.C. sales tax law creates an exception to the general federal priority followed in the federal lien doctrine in bankruptcy cases, allowing a D.C. sales tax lien to take priority. *Saidman*, 231 F.2d at 509. In addition, the D.C. Circuit has held that a lien under the D.C. sales tax law takes precedence over a general federal tax law lien if the D.C. sales tax law was enacted later, is more specific, and is also more limited in scope. *Id.* By this reasoning, the District's sales tax lien should also take precedence over the IRS's lien. *Id.*

In sum, the court affirms the bankruptcy court's ruling that D.C.Code § 47–2012 carries the authority of an Act of Congress, and therefore determines that the bankruptcy court properly interpreted the applicable law in allowing the District to satisfy its claim against WPG before the IRS. *Cooter & Gell*, 496 U.S. at 405, 110 S.Ct. 2447; *In re Ford Johnson*, 236 B.R. at 518.

## IV. CONCLUSION

For all these reasons, the court affirms the bankruptcy court's decision granting summary judgment in favor of the appellees. An order directing the parties in a manner consistent with this Memorandum

---

1. The court cannot help but note the irony of a rule to the contrary. If congressional enactments for the District *were* deemed to be the equivalent of state actions, then not only would the District of Columbia *not* be considered a state for purposes of having voting representatives in the United States Congress, i.e., in situations which would presumably serve to advance the District's interests, but also, the District of Columbia *would be deemed a state* in situations when it disserved the District.

Opinion is separately and contemporaneously issued this 19 day of August, 2002.